IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **RAFAELLA MOCELIN,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. _____ |
| **GEORGIA DANCE THEATRE, INC.,** **GEORGIA ACADEMY OF DANCE, INC.,** **and SHERRI DAVIS,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff Rafaella Mocelin asserts claims against Defendants Georgia Dance Theatre, Inc., Georgia Academy of Dance, Inc., and Sherri Davis for due but unpaid minimum wages as well as bad faith breach of contract and quantum meruit, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq*., Plaintiff seeks to recover unpaid minimum wages from her former employers, Defendants Georgia Dance Theatre, Inc., Georgia Academy of Dance, Inc., and Sherri Davis. She

additionally brings state law claims for breach of contract and quantum meruit related to the same failure to pay promised wages.

2.

In brief, Plaintiff worked for Defendants at their Peachtree City dance academy as a full-time ballet teacher and dancer from August 2018 through May 13, 2020. During the final *nine months* of Plaintiff's employment, Defendants paid her *no wages whatsoever*. Plaintiff was forced to seek help from family, co-workers, and even the parents of her students, who provided her with money and food. Plaintiff Mocelin now seeks to recover her unpaid wages, both those owed as a matter of contract or quasi contract, and those owed as minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**JURISDICTION AND VENUE**

3.

The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Georgia Dance Theatre, Inc. (hereinafter "Georgia Dance") is a domestic non-profit corporation existing under the laws of the State of Georgia.

5.

Georgia Dance may be served with process via service on its registered agent for service, Sherri Davis, at 499 Old Hwy 85, Senoia, Coweta County, Georgia, 30276.

6.

This Court has personal jurisdiction over Georgia Dance.

7.

Georgia Academy of Dance, Inc. (hereinafter "Georgia Academy") is a domestic for-profit corporation existing under the laws of the State of Georgia.

8.

Georgia Academy may be served with process via service on its registered agent for service, Sherri Davis, at 499 Old Hwy 85, Senoia, Coweta County, Georgia, 30276.

9.

This Court has personal jurisdiction over Georgia Academy.

10.

Defendant Sherri Davis (hereinafter "Davis") is a natural person.

11.

Davis may be served with process at her residence in Coweta County, Georgia, or wherever she may be found.

12.

This Court has personal jurisdiction over Davis.

13.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants regularly conduct business in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district, and both Defendants reside in this judicial district.

EMPLOYMENT RELATIONSHIP

14.

Plaintiff Mocelin worked as a ballet instructor for Georgia Academy and as a ballet dancer for Georgia Dance from approximately August 2018 through May 13, 2020.

15.

As a dance instructor, Plaintiff was responsible for teaching hourly classical ballet, jazz, and modern dance lessons to groups of school age students, including choreography preparation before and after the lessons themselves.

16.

As a ballet dancer, Plaintiff was responsible for performing in major roles in Georgia Theatre's dance productions. In addition to time spent in performances themselves, Plaintiff spent additional time in rehearsals and choreography preparation.

17.

At all relevant times, Plaintiff was an "employee" of Georgia Dance within the meaning of 29 U.S.C. § 203(e)(1).

18.

At all relevant times, Plaintiff was an "employee" of Georgia Academy within the meaning of 29 U.S.C. § 203(e)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

19.

Throughout Plaintiff's employment, employees of Georgia Dance and Georgia Academy used the following goods or materials that moved through commerce for its business purpose: computers, phones, costumes, electronic musical equipment, and electronic payment terminals.

20.

During 2020, Georgia Dance had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2020, Georgia Dance had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2020, Georgia Dance had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2020, Georgia Dance was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

24.

During 2019, Georgia Dance had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2019, Georgia Dance had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2019, Georgia Dance had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2019, Georgia Dance was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

28.

During 2020, Georgia Academy had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2020, Georgia Academy had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2020, Georgia Academy had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2020, Georgia Academy was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

32.

During 2019, Georgia Academy had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

33.

During 2019, Georgia Academy had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2019, Georgia Academy had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2019, Georgia Academy was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 29 U.S.C. § 203(s)(1).

36.

At all relevant times, Georgia Dance and Georgia Academy constituted a single "enterprise" within the meaning of 29 U.S.C. § 203(s)(1) because they perform related activities through a unified operation of common control for a common business purpose.

**JOINT EMPLOYERS**

37.

At all relevant times, both Georgia Dance and Georgia Academy have been under the primary control of Defendant Davis.

38.

At all relevant times—in the words of Defendants—"Georgia Academy of Dance & the Performing Arts [has been] the official school of Georgia Dance Theatre."[1]

---

[1] "History and Mission of the Georgia Academy of Dance & the Performing Arts" (https://www.gadance.com/history-and-mission.html), last accessed August 7, 2020.

39.

At all relevant times, all teachers at Georgia Academy have also performed for

Georgia Dance.

40.

At all relevant times, members of Georgia Dance's board of directors have also

regularly performed work for Georgia Academy.

41.

At all relevant times, both Georgia Dance and Georgia Academy have utilized the

same webpage.

42.

At all relevant times, both Georgia Dance and Georgia Academy have coordinated

their teaching and performing activities.

43.

At all relevant times, both Georgia Dance and Georgia Academy have shared the

same physical premises.

44.

At all relevant times, both Georgia Dance and Georgia Academy have jointly

administered payroll and human resources functions with respect to their

employees.

45.

At all relevant times, Georgia Dance and Georgia Academy jointly employed Plaintiff and are jointly and severally liable for all the Fair Labor Standards Act violations complained of in this action.

**INDIVIDUAL EMPLOYER UNDER THE FLSA**

46.

Throughout Plaintiff's employment, Davis was involved in the day-to-day operation of Georgia Dance's business.

47.

Throughout Plaintiff's employment, Davis was involved in the day-to-day operation of Georgia Academy's business.

48.

Throughout Plaintiff's employment, Davis had supervisory authority over Plaintiff.

49.

Throughout Plaintiff's employment, Davis had the authority to hire and fire Plaintiff.

50.

Throughout Plaintiff's employment, Davis had authority over the terms of Plaintiff's compensation.

51.

Throughout Plaintiff's employment, Davis was a shareholder of Georgia Dance.

52.

Throughout Plaintiff's employment, Davis was the Director of Georgia Dance.

53.

Throughout Plaintiff's employment, Davis was a shareholder of Georgia Academy.

54.

Throughout Plaintiff's employment, Davis was the CEO of Georgia Academy.

55.

Throughout Plaintiff's employment, Davis was the Secretary of Georgia Academy.

56.

Throughout Plaintiff's employment, Davis was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 203(d).

**NON-EXEMPT EMPLOYEE UNDER THE FLSA**

57.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

58.

At all times material hereto, Georgia Dance did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

59.

At all times material hereto, Georgia Dance did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

60.

At all times material hereto, Georgia Dance did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

61.

At all times material hereto, Georgia Dance did not employ Plaintiff on a salary or fee basis at a rate of no less than $455 per week.

62.

At all times material hereto, Georgia Dance did not employ Plaintiff on a salary or fee basis at a rate of no less than $684 per week.

**GENERAL FACTUAL BACKGROUND**

63.

Plaintiff is a citizen of the Federative Republic of Brazil.

64.

Plaintiff is a classically trained ballet dancer who studied at the Joffrey Ballet School in New York City.

65.

Prior to late July 2019, Plaintiff resided in Coweta County, Georgia, while working at the Georgia Dance Theatre and Georgia Academy of Dance & the Performing Arts during an Optional Practical Training period as an F-1 visa holder.

66.

Plaintiff's visa expired in late July 2019 while Plaintiff was waiting for her renewal application to be processed.

67.

The renewal of Plaintiff's visa took longer than expected, and, beginning in mid-August 2019, Davis informed Plaintiff that she would not pay her wages until her anticipated visa renewal was complete.

68.

However, Defendants permitted Plaintiff to continue performing her full work at Georgia Dance Theatre and the Georgia Academy of Dance & the Performing Arts full time while waiting for the renewal.

69.

From mid-August 2019 through May 13, 2020, Plaintiff continued her dancing and teaching work at Georgia Dance Theatre and the Georgia Academy of Dance & the Performing Arts.

70.

Throughout that nine-month period, Defendants paid Plaintiff no wages whatsoever and Plaintiff was forced to rely on gifts of money and food from her parents, co-workers, and even the parents of her students simply to survive.

71.

On May 13, 2020, Plaintiff informed Davis that, due to the COVID pandemic, her father could no longer financially assist her and that she would be returning to Brazil.

72.

To date, Defendants still have not paid Plaintiff one penny for the full-time work she performed from mid-August 2019 through May 13, 2020.

### COUNT I
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. § 206
### AGAINST ALL DEFENDANTS

73.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

74.

From early August 2019 through May 13, 2020, Plaintiff worked for Defendants on a full-time basis.

75.

Defendants have failed to make any payment of wages to Plaintiff for the work she performed from early August 2019 through May 13, 2020.

76.

Defendants' refusal to compensate Plaintiff for her work has caused Plaintiff to be compensated at an hourly rate lower than the minimum wage as established in accordance with the FLSA, to wit, $7.25 per hour.

77.

Plaintiff is entitled to payment of all unpaid minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

78.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in an amount equal to her unpaid minimum wages in accordance with 29 U.S.C. § 216(b).

79.

As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY CONTRACTUAL WAGES
### AGAINST DEFENDANTS GEORGIA DANCE AND GEORGIA ACADEMY ONLY

80.

At the outset of her employment, Georgia Dance, Georgia Academy, and Plaintiff entered into an agreement that Plaintiff would perform services for Georgia Dance and Georgia Academy at the rate of $25 per lesson taught and $700 per month for performance work, with additional payments for major roles undertaken.

81.

The Parties' agreement constituted a binding contract.

82.

Plaintiff performed all the work that she agreed to perform.

83.

Georgia Dance and Georgia Academy refused to pay Plaintiff for work performed from early August 2019 through May 13, 2020.

84.

Georgia Dance and Georgia Academy's failure to pay Plaintiff for work performed during those workweeks constitutes a breach of the Parties' agreement.

85.

Plaintiff has been harmed by Georgia Dance and Georgia Academy's breach and failure to pay her earned wages.

86.

Georgia Dance and Georgia Academy intentionally and willfully breached their agreements with Plaintiff to pay her wages and reimbursements.

87.

Georgia Dance and Georgia Academy have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expenses in connection with this matter.

88.

Because of Georgia Dance and Georgia Academy's bad faith, Plaintiff is entitled to recover her reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT III
## QUANTUM MERUIT AGAINST DEFENDANT GEORGIA DANCE
## AND GEORGIA ACADEMY ONLY

### 89.

Plaintiff's performance of work from early August 2019 through May 13, 2020 was valuable to Georgia Dance and Georgia Academy.

### 90.

Plaintiff's performance of work from early August 2019 through May 13, 2020 was at the request of and knowingly accepted by Georgia Dance and Georgia Academy.

### 91.

Plaintiff performed work for Georgia Dance and Georgia Academy from early August 2019 through May 13, 2020 with the expectation that she would be compensated.

### 92.

It would be unjust not to require Georgia Dance and Georgia Academy to compensate Plaintiff for the ten months of work she performed.

93.

Plaintiff is entitled to receive an amount equal to the value she conferred to
Georgia Dance and Georgia Academy through her work from early August 2019
through May 13, 2020 in an amount to be determined at trial.

94.

Georgia Dance and Georgia Academy acted in bad faith in refusing to compensate
Plaintiff for the work she performed from early August 2019 through May 13,
2020.

95.

Georgia Dance and Georgia Academy has been stubbornly litigious and has caused
Plaintiff unnecessary trouble and expenses in connection with this matter.

96.

Because of Georgia Dance and Georgia Academy's bad faith, Plaintiff is entitled to
recover her reasonable attorney's fees and costs of litigation from Georgia Dance
pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays that the Court:

(a)     Take jurisdiction of this matter;

(b)     Grant a trial by jury as to all matters properly triable to a jury;

(c)     Issue an Order holding each of the Defendants to be an "employer" as that

term is defined under the FLSA;

(d)     Issue a judgment declaring that Plaintiff is an employee covered by the

FLSA, and that Defendants have failed to comply with the minimum wage

requirements of the FLSA;

(e)     Award Plaintiff all due but unpaid minimum wages and liquidated damages

in the same amount;

(g)     Award Plaintiff prejudgment interest on all amounts owed to the extent that

liquidated damages are not awarded;

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff her costs of litigation including reasonable attorney's fees

pursuant to 29 U.S.C. § 216(b);

(j)     Award Plaintiff judgment against Defendants Georgia Dance and Georgia

Academy for her contract claim herein asserted in an amount to be proved at

trial;

(k)     Award Plaintiff judgment against Defendants Georgia Dance and Georgia

Academy for her quantum meruit claim herein asserted in an amount to be

proved at trial;

(l)   Award Plaintiff her costs of litigation and reasonable attorney's fees

      pursuant to O.C.G.A. § 13-6-11;

(m)   Enter judgment for Plaintiff in an amount reflecting the award of all

      damages and relief requested in this Complaint; and

(n)   Award any and such other further relief this Court deems just, equitable and

      proper.

This 7th day of August 2020.

                                    Respectfully submitted,

                                    DELONG, CALDWELL, BRIDGERS,
                                    FITZPATRICK & BENJAMIN, LLC

                                    _s/ Matthew W. Herrington_
101 Marietta Street                 Mitchell D. Benjamin
Suite 2650                          Georgia Bar No. 049888
Atlanta, Georgia 30303              Matthew W. Herrington
(404) 979-3171                      Georgia Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com              Counsel for Plaintiff
matthew.herrington@dcbflegal.com