IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **RAFAELLA MOCELIN,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 3:20-cv-00137-TCB |
| **GEORGIA DANCE THEATRE, INC., GEORGIA ACADEMY OF DANCE, INC., and SHERRI DAVIS,** | |
| **Defendants.** | |

## JOINT MOTION FOR FLSA SETTLEMENT APPROVAL

Plaintiff Rafaella Mocelin ("Plaintiff") and Defendants Georgia Dance Theatre, Inc.; Georgia Academy of Dance, Inc.; and Sherri Davis ("Defendants") (collectively, the "Parties") jointly move the Court for an order approving the Settlement Agreement executed by the Parties to resolve this FLSA action.

## I.   BACKGROUND

This case involves claims for alleged unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") as well as state-law claims for breach of contract and quantum meruit. Plaintiff filed this action on August 7, 2020. The Parties have reached a settlement agreement (Exhibit 1 hereto) and now seek the Court's approval, as set forth below.

## II.   <u>LEGAL PRINCIPLES</u>

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver

of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### III.   <u>SETTLEMENT TERMS</u>

The Parties have agreed to Plaintiff's general release of claims, non-disparagement, and payment by Defendants of the gross amount of $26,630, of which $8,120.70 will be paid as W-2 wages, $6,075.55 as Form 1099 "nonemployee compensation, $5,803.75 as form 1099 "other income," and $6,330 in attorney's fees and costs. The release will be effective on the 91st day following Plaintiff's receipt of payment in full, with a stipulation of dismissal to be filed by Plaintiff within five days thereafter.

Plaintiff estimates that a complete recovery at trial for her unpaid minimum wages and repayment of fees would have resulted in damages totaling $23,372.38 exclusive of fees and costs. Thus, the $20,000 portion of the settlement to Plaintiff represents an 85.6% recovery of her best-case recovery.

The actual attorney's fees accrued to date by Plaintiff's counsel total approximately $6,600, which does not include additional administrative work required to obtain a final dismissal or any potential hearing on the present motion.

Of the $5,080 to be recovered in fees (i.e., $6,600 less $580 in costs) represents a compromise of Plaintiff's counsel's fees of approximately 15%.

The attorneys' fees enumerated above are based on hourly rates of $425 for members Charles Bridgers and Mitchell Benjamin, who performed limited supervisory duties; $350 for associate Matthew Herrington who performed the large majority of the work; $165 for senior paralegal Jessica Sorrenti who assisted with damages calculations; and $125 for paralegal Sarah Toenes who was responsible for coordinating service of process. These hourly rates have been previously approved several times in this District as well as in the U.S. District Court for the Middle District of Georgia.[1]

## IV.    COURT APPROVAL OF THIS FLSA SETTLEMENT IS WARRANTED

This Court should approve the settlement between the Parties as reasonable and fair. The proposed settlement arises out of an action brought by the Plaintiff against her former alleged employer, and was adversarial in nature. Plaintiff and Defendants have both been represented by experienced counsel.

---

[1] See *Villa-Garcia v. Latin Mundo #2, Inc. et al*., 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga.); *Cooper, et.al., v. Parker Promotions, Inc.*, 4:17-cv-00116-CDL, Dkt. 65 (M.D. Ga.); *Jackson v. American Disposal Service of Georgia, Inc*., 1:19-cv-04428-AT, Dkt. 33 (N.D. Ga.); *Ogier v. M-Entertainment Properties, LLC et al*., 1:19-cv-00372-TWT, Dkt. 50 (N.D. Ga.).

Plaintiff's compromise of less than 15% of her maximum possible recovery is reasonable given the inherent uncertainty in any litigation as well as the likely lengthy delay that would precede a jury trial due to the large trial backlog created by the ongoing COVID-19 pandemic.

The Parties are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with continued litigation. The Parties each conducted a significant investigation and undertook detailed legal and factual analyses of the claims and defenses, including production and analysis of time and pay records. The complexity of the legal and factual issues in this case would have caused large and undue expenses for both Parties as preparing for this case for trial or dispositive motions would have required numerous declarations, depositions, witness preparation, and other time-consuming tasks.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during mediation. All Parties were counseled and represented by their respective attorneys throughout the settlement process. Counsel for both Parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances. The Parties attest to the fairness and reasonableness of their amicable settlement, and request that the Court approve the settlement and administratively close this action pending dismissal by Plaintiff as provided for in

the Agreement. The Parties have further agreed that, other than the payments explicitly provided for in the Settlement Agreement, each party is responsible for their own attorneys' fees and costs associated with this action.

## V.   CONCLUSION

Based on the foregoing, the Parties respectfully request that this Court approve their Settlement Agreement and administratively close this case pending later filing of a stipulation of dismissal as anticipated in the Settlement Agreement.

Respectfully submitted this 5th day of October 2020,

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC

*s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

101 Marietta Street
Suite 2650
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiff

GREENBERG TRAURIG, LLP

*s/ Justin K. Victor*
Justin K. Victor
Georgia Bar No. 105516

Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305
Tel.: 678.553.2169

victorj@gtlaw.com

Counsel for Defendants

Pursuant to LR 7.1, NDGa, the above-signed counsel certify that this motion was prepared using Times New Roman 14-point font, one of the font and point selections approved by the Court in LR 5.1, NDGa.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

RAFAELLA MOCELIN,

        Plaintiff,

    vs.

GEORGIA DANCE THEATRE, INC.,
GEORGIA ACADEMY OF DANCE, INC.,
and SHERRI DAVIS,

        Defendants.

Civil Action No. 3:20-cv-00137-TCB

---

### CERTIFICATE OF SERVICE

---

I certify that on this date I caused the foregoing document to be filed with the

Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all

counsel of record.

Dated: October 5, 2020

                            *s/ Matthew W. Herrington*
                            Matthew W. Herrington
                            Georgia Bar No. 275411