# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into as of the date executed below by and between Rafaella Mocelin ("Mocelin") and Georgia Dance Theatre, Inc., Georgia Academy of Dance, Inc., and Sherri Davis (collectively, "Defendants") (Mocelin and Defendants collectively referred to as the "Parties") on their own behalf and on behalf of their respective past and present parents, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, officers, directors, attorneys, agents, employees, and insurers.

1. **Non-Admission**. This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence of an admission of liability or wrongful conduct of any kind. To be clear, Defendants deny any wrongdoing and have agreed to settle this matter to avoid the costs and risks associated with litigation. Further, Defendants deny that Plaintiff was employed by Defendants.

2. **No Other Claims**. The Parties agree and understand that Mocelin filed a lawsuit titled Rafaella Mocelin v. Georgia Dance Theatre, Inc., et al., Civil Action Number 3:20-cv-137-TCB pending in the United States District Court for the Northern District of Georgia, alleging claims for unpaid overtime under the FLSA, breach of contract, and quantum meruit ("Lawsuit"). The Parties desire fully and finally to resolve any and all claims in the above Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Mocelin against Defendants or any other Released Parties (as defined below) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Mocelin represents that no other charges, actions or claims are pending on Mocelin's behalf, other than as set forth in this paragraph.

3. **No Other Claims for Wages**. Upon receipt of the proceeds specified in this Agreement, Mocelin agree that she has been fully paid for all alleged hours worked for Defendants and that she does not have any claims for wages, overtime, liquidated damages, attorney's fees, or any other claims against Defendants or any other Released Parties.

4. **Court Approval of Settlement**. The Parties will cooperate in the filing of a joint motion for approval of this settlement. The Parties agree to cooperate and undertake all reasonable actions necessary to obtain court approval of this settlement and to obtain an administrative stay of the Lawsuit pending dismissal following the Effective Date of the Parties' releases (described below).

5. **Payment to or on behalf of Mocelin**. In consideration for signing this Agreement and the promises contained in this Agreement, Defendants agree to pay to or on behalf of Mocelin the total gross sum of TWENTY-SIX THOUSAND SIX HUNDRED THIRTY DOLLARS ($26,630.00), which will be paid by four checks as follows: one check to Mocelin for alleged back wages in the amount of $8,120.70, less appropriate payroll withholding as required by law, and for which Defendants will issue an IRS Form W2; one check to Mocelin in the amount of $6,075.55 for which Defendants will issue Plaintiff an IRS Form 1099 designating such payment in Box 1 "nonemployment compensation"; one check to Mocelin in the amount of $5,803.75 for which

Defendants will issue Plaintiff an IRS Form 1099 designating such payment in Box 3 "other income"; and one check made payable to Charles R. Bridgers, Attorney, LLC, in the amount of $6,630.00 for attorney's fees and costs, and for which Defendants will issue an IRS Form 1099.

These checks will be mailed to Matthew Herrington, Esq. at DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC within 10 days after receipt of the final order from the Court approving this settlement. Mocelin agrees to provide competed W-9 tax forms or other tax forms that may reasonably be requested from her and her attorneys in relation to the above payments.

6.      **Waiver and Mutual Release of All Claims**. Mocelin, on behalf of herself, her descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges The Defendants and all of their past and present parents, subsidiaries, affiliates, shareholders, and owners thereof, and their respective past and present predecessors, successors, assigns, representatives, partners, officers, directors, insurers, agents and employees ("Released Parties") from any and all claims and rights of any kind that Mocelin may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arising out of or in any way connected with Mocelin's employment with Defendants or the termination of Mocelin's employment. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the National Labor Relations Act, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorney's fees. Mocelin represents that she knows of no claim against any Released Party that she has that has not been released by this paragraph, and that the release in this paragraph is intended to release Defendants and all other Released Parties from liability for any and all possible claims by Mocelin, known or unknown, that exist or may exist as of the date of this Agreement.

7.      **Effective Date of Release and Dismissal of Claims**. The releases described in the preceding paragraph shall be effective as of the 91st day following the issuance of an Order approving this Agreement. Within 5 business days of this Effective Date, Plaintiff shall file a stipulation of dismissal with prejudice in the Lawsuit.

8.      **Non-Interference with EEOC Investigations.** Nothing in this Agreement shall interfere with Mocelin's right to cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency. However, to the fullest extent allowed by law, the promises and other consideration provided to Mocelin in this Agreement shall be the sole relief provided to Mocelin for the claims that are released herein, and Mocelin will not be entitled to recover and hereby releases and waives any monetary benefits or recovery against any Released Parties in connection

with any other claim, charge or proceeding without regard to who has brought such complaint or charge.

9. **No Transfer of Claims**. Mocelin represents and warrants that she has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement. Mocelin further warrants that there is nothing that would prohibit Mocelin from entering into this Agreement.

10. **Non-Disparagement and Neutral Reference**. The Parties agree not to criticize, denigrate, or otherwise disparage each other or any of their current or former partners, owners, officers, directors, employees, agents, or customer services. Defendants agree to provide a neutral reference pertaining to Mocelin's past employment, including dates of employment, position, and last rate of pay, provided Mocelin directs inquiries to Sherri Davis at sherri@gadance.com.

11. **Entire Agreement**. This Agreement contains the entire agreement and understanding between the Parties with respect to any and all disputes or claims that Mocelin has, or could have had, against Defendants or any other Released Parties as of the date this Agreement is executed, and this Agreement supersedes all other agreements between Mocelin and Defendants with regard to such disputes or claims. This Agreement shall not be modified unless in writing and signed by both Mocelin and Defendants.

12. **Severability**. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into a full and general release that is valid.

13. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless in writing and signed by the party waiving the breach.

14. **Execution**. This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Execution of this Settlement may be completed by any widely used commercial electronic signature and digital transaction management software.

15. **Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

16. **Choice of Law**. This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies. The Parties further agree that this Agreement may be

enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and General Release on the dates provided below.

Rafaella Mocelin
*Rafaella Mocelin*
Date: 10/5/2020

Georgia Dance Theatre, Inc.
By: *Sherri Davis*
Title: Artistic Director
Date: 10/5/20

Georgia Academy of Dance, Inc.
By: *Sherri Davis*
Title: President
Date: 10/5/20

Sherri Davis
*Sherri Davis*
Date: 10/5/20